IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENJAMIN AARON BREWER** | : | |
| Plaintiff | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 17-CV-284** |
| | : | |
| **THE CITY OF PHILADELPHIA, *et al.*** | : | |
| *Defendants* | : | |

## MEMORANDUM

NITZA I. QUIÑONES ALEJANDRO, J. JANUARY 13, 2021

Plaintiff Benjamin Aaron Brewer filed this civil action citing 42 U.S.C. § 1983 alleging a violation of his civil rights.[1] Named as Defendants in Brewer's amended complaint are the City of Philadelphia, three Judges of the Philadelphia Court of Common Pleas, the Philadelphia Police Department, a Philadelphia police detective, and a defense lawyer. For the following reasons, the Court will dismiss Brewer's amended complaint, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTUAL ALLEGATIONS

Brewer has named as Defendants Judges Scott DiClaudio, James DeLeon and Stella Tsai. (Collectively, "the Judicial Defendants.") He alleges that Judge DiClaudio "broke judicial conduct by not allowing me to be heard in court." (ECF No. 4 at 3, 6.)[2] Judge DeLeon allegedly

---

[1] After Brewer filed his original complaint, on January 30, 2017, Judge Lawrence Stengel granted Brewer leave to proceed *in forma pauperis* and dismissed the complaint, without prejudice, because Brewer had not explained in the original pleading how any named Defendant allegedly harmed him. (*See* ECF 2.) Brewer filed an amended complaint on February 2, 2017. (ECF No. 4.) Judge Stengel then issued an order staying this case until such time as Brewer's criminal proceedings were completed. (ECF No. 5.) Following Judge Stengel's retirement, the case was reassigned to the undersigned. In a letter filed January 6, 2021, Brewer advised the Court that his criminal case was complete. (ECF 9).

[2] The Court adopts that pagination supplied by the CM/ECF docketing system.

"performed a seizure with unreasonable cause" when he "took a recording with him" that allegedly contained an exculpatory witness statement. (*Id.*) Judge Tsai allegedly "convicted [Brewer] of carrying a fire arm without a license. This broke [his] Second Amendment Right to Keep & Bear arm's [sic]." (*Id.* at 3, 7.)

Also named as a Defendant is Detective Timothy Mayer, who allegedly "performed entrapment to get me to speak with him. He offered me ARD as a deal." (*Id.* at 3, 6.) Finally, Defendant Eric Donato, a defense attorney, "Performed a form of malpractice. After the judge found me guilty he moved for taking away the bail money." (*Id.* at 3.) Donato also allegedly "drew out [Brewer's] pre trial hearing for 11 months." (*Id.* at 7.) Finally, Brewer asserts that the "Philadelphia PD covered up who really arrest me. They also made a few false statements." (*Id.*) Brewer makes no specific allegation against the City of Philadelphia. Brewer asserts he has suffered "minor psychological damage" (*Id.* at 4.) He seeks money damages, the return of his firearm and the imprisonment of all parties involved. (*Id.*)

A review of public records indicates that Brewer was arrested in Philadelphia on March 9, 2016, and charged with firearms offenses. *See Commonwealth v. Brewer*, CP-51-CR-0002532-2016 (C.P. Phila.) Judge DeLeon issued the warrant for his arrest, Judge DiClaudio presided over the pre-trial phase of the proceedings, and Judge Tsai presided at his trial. He was found guilty on October 12, 2016, and sentenced to a term of imprisonment. It appears that he was subsequently released on parole, but notices for parole violation hearings were filed in 2017, 2018, 2019, and 2020. On February 28, 2019, Brewer filed a petition under the Pennsylvania Post-Conviction Relief Act. The PCRA petition was granted by Judge Tsai on September 11, 2020, Brewer's sentence was vacated, and a new trial was ordered. However, the Commonwealth has appealed that decision, and the appeal remains pending.

## II. STANDARD OF REVIEW

As the Court has granted Brewer leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. This statute requires the court to dismiss the amended complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Brewer is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. *The Judicial Defendants*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Judges, however, are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction

for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

As each of the named Judicial Defendants is alleged to have acted in his/her judicial capacity and within their jurisdiction as judges of the Court of Common Pleas when they allegedly injured Brewer, they are absolutely immune from suit under § 1983. Accordingly, the § 1983 claims against Judges Scott DiClaudio, James DeLeon and Stella Tsai, are dismissed, with prejudice.

B. *Claims Against Attorney Donato*

The claim against Attorney Donato is also dismissed. While Brewer does not specify whether Donato was private retained or court appointed to be Brewer's attorney, under either scenario, Donato would not qualify as a "state actor" under § 1983. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). In addition, "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). Because Attorney Donato is not a state actor, the § 1983 claim Brewer attempts to assert against him is also dismissed with prejudice.

C. *Claims Against Detective Mayer*

Detective Timmothy Mayer allegedly entrapped Brewer by offering him a plea deal. This entrapment allegation is wholly conclusory, and Brewer offers no factual allegations to support the claim of a constitutional violation. Accordingly, the claim against Mayer is not plausible. *See Iqbal*, 556 U.S. at 678 (conclusory allegations are insufficient to state a claim to relief that is plausible on its face.) Having permitted Brewer a prior opportunity to amend his claim against

Mayer in this case (*see* Footnote 1, *supra*; ECF 2),[3] and it appearing that further attempt at amendment would be futile, the claim is dismissed, with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile."); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story").

D.      *Claims Against the Philadelphia Police Department*

Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts have concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671

---

[3]      This is also not the first time Brewer has sued Mayer. In *Brewer v. Mayer*, Civ. A. No. 16-5807, 2016 WL 6821088 (E.D. Pa. Nov. 16, 2016), Judge Stengel dismissed an identical claim that Mayer had entrapped Brewer, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* 2016 WL 6821088, at *2 ("If Brewer is alleging that he was compelled to incriminate himself in violation of the Fifth Amendment because statements he made during his interrogation were unconstitutionally used against him at trial, those claims are not cognizable. . . . *See Heck*, 512 U.S. at 486-87.) Including the 2016 case, the original pleading in the current case and the Amended Complaint, Brewer has had three opportunities to allege a plausible claim against Mayer.

n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Philadelphia Police Department is not a proper defendant in this case under §1983 and is dismissed, with prejudice.

E. *Claims Against the City of Philadelphia*

To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, the defendant must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

While local governments can be liable as "persons" under § 1983, this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 665-83 (1978). This limitation is based on the well-established principle that municipalities "are not vicariously liable under § 1983 for their

employees' actions." *Connick*, 563 U.S. at 60; *Monell*, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.") (emphasis in original). under *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978).

Because there is no *respondeat superior* for municipal liability under § 1983, to the extent that the claims against the City of Philadelphia are based solely on its employing Detective Mayer, the claims must be dismissed. To the extent that Brewer seeks to assert a custom or policy-based *Monell* claim associated with his entrapment claim against Mayer, that claim is not plausible since there is no allegation that Brewer suffered a constitutional injury due to a policy or custom of the City of Philadelphia. Like the entrapment claim asserted against Mayer, having already afforded Brewer an opportunity to amend this claim, the Court finds that any further attempt would be futile and, accordingly, dismissal of the *Monell* is with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Brewer's amended complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Brewer cannot cure the defects in his constitutional claims against Judges Scott DiClaudio, James DeLeon and Stella Tsai, Attorney Donato and the Philadelphia Police Department, and any further attempt to state plausible claims against Defendants Mayer and the City of Philadelphia would be futile, the case is dismissed with prejudice. An appropriate Order follows.

***NITZA I. QUIÑONES ALEJANDRO***
*Judge, United States District Court*